UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

Robert L. Stephens, :
    Plaintiff, :
     :
        v. :        File No. 1:07-CV-232
     :
Bromley Mountain Ski Resort, Inc., :
    Defendant. :
     :

RULING ON PLAINTIFF'S MOTION FOR A NEW TRIAL
(Paper 85)

I. Introduction

Plaintiff Robert L. Stephens ("Stephens") has moved for a new trial under Fed. R. Civ. P. 59(a). (Paper 85.) After hearing the testimony of witnesses and examining documentary evidence, the jury returned a verdict for Defendant Bromley Mountain Ski Resort, Inc. ("Bromley"), finding that Bromley was not negligent, as it had not breached its duty as a common carrier to ensure Stephens' safety. In his Motion, Stephens argues (1) the Court's instructions to the jury as to the burden of proof in common carrier negligence cases was erroneous, and (2) that the jury reached a seriously erroneous result. Id. at 1-3. For the following reasons, Stephens' motion for a new trial is DENIED.

II. Background

This suit arose from a summertime accident at Bromley Ski Resort. Stephens and his wife purchased tickets for Bromley's Alpine Slide, which required transportation up the mountain by

1

chairlift.  As the couple was loading the lift, Mr. Stephens' right foot caught between the lift and the ground resulting in a broken ankle.  Stephens' Second Amended Complaint (Paper 42) alleged negligence against Bromley, claiming:  (1) failure to warn Stephens of the dangers of the chairlift through appropriate signage; (2) failure of the lift attendant to walk along with and hold Stephens' chair, which would have purportedly enabled the attendant to pull the chair back and free Stephens' foot; (3) failure of the lift attendant to take speedy action to stop the chair after the accident; and (4) failure of Bromley to appropriately train and supervise its lift attendants.  Id. at 2-3.

At trial, however, Bromley presented countervailing evidence which suggested:  (1) there were warning signs posted by the chairlift which Stephens "did not see"; (2) these signs comported with state guidelines and instructed patrons to seek assistance if they did not understand the warnings; (3) other patrons were told by the lift attendant to stick out their feet as they sat down on the lift, while Stephens "could not remember" whether a similar instruction had been given to him; and (4) the attendant's reaction to the accident was adequate.  Bromley also argued that Stephens did not produce any evidence the lift attendant had been improperly trained, or that it was industry

practice for attendants to walk alongside a loaded lift until it cleared the loading area.  (Paper 87 at 4-5.)

At the close of evidence, the Court instructed the jury:

> Mr. Stephens is proceeding against Bromley on a theory of negligence.  To prevail on his negligence claim, Mr. Stephens must prove both of the following by a preponderance of the evidence:
>
> First, Bromley was negligent.
>
> Second, Bromley's negligence was a proximate or legal cause of the damage sustained by him.
>
> The fact that an accident happened, standing alone, does not permit you the jury to draw an inference that the accident was caused by negligence. . . . I instruct you as a matter of law that Bromley had a duty in its operation of the chairlift to exercise the highest degree of care for Mr. Stephens' safety. . . . If you find Bromley did not breach its duty to Mr. Stephens and therefore was not negligent, that ends your deliberations and you must enter a verdict in its favor.

(Paper 81 at 15-16.)

III. Discussion

    A.    Jury Instructions

        1.    Adoption of Plaintiff's Proposed Definition of Negligence is Unnecessary

Stephens contests two portions of the jury instructions. First, he claims the Court should have included his proposed definition of negligence:  "a plaintiff proves a prima facie case on liability when he or she proves the fact of an injury on a facility controlled by the defendant.  The burden of

3

proof then shift[s] to the common carrier to prove the lack of negligence." (Paper 85 at 1.)

A court has wide discretion when framing language used in a jury instruction. Currier v. Letourneau, 373 A.2d 521, 527 (Vt. 1977) ("The degree to which the court is to elaborate on the points charged lies within the sound exercise of its discretion."). A Court's failure to adopt text preferred by one party -- or even agreed to by both parties -- does not constitute reversible error so long as the instruction itself was without error. Chater v. Cent. Vt. Hosp., 583 A.2d 889, 892 (Vt. 1990) (citations omitted).

### 2. The Jury Instruction Was Without Error as a Matter of Law

Second, Stephens asserts that the Court's refusal to shift the burden of proof was incorrect as a matter of law. Here, Stephens does not reference any Vermont law to support his argument, but insists that several out-of-state decisions should be incorporated through Vermont's deference to the "common law" as found in Vt. Stat. Ann. tit. 1, § 271 and Langle v. Kurkul, 510 A.2d 1301, 1303 (Vt. 1986).

Particularly, Stephens relies upon a quotation from Washington Metro. Area Transit Auth. v. Jeanty, 718 A.2d 172 (D.C. 1998): "[t]he mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of

4

negligence and imposes the burden on the carrier of convincingly overcoming such a case." Id. at 176 n.7 (quoting Wise v. Prescott, 151 So. 2d 356, 359 (La. 1963)). Insofar as Washington may represent the "common law rule" with respect to common carrier burden-shifting in general, Stephens' reliance on this particular quotation as the basis for the "common law rule" is misguided. Washington utilizes this quotation as a single illustration in a larger survey of common carrier liability cases, suggesting that the Wise standard goes further than Washington in relaxing the burden of proof for claims against common carriers. Id. Indeed, Washington limits the shifting of the burden to instances when the cause of an accident is peculiarly within the knowledge of the carrier. Id. (hidden defect in a mechanical bus door caused door to close faster than normal, resulting in injury to departing passenger).

Similarly, Stephens' two other out-of-state cases do not advance his argument. Cozine v. Hawaiian Catamaran, Ltd., 412 P.2d 669 (Haw. 1966) is a res ipsa loquitor case, dealing, as did Washington, with equipment failure, which Stephens has not alleged against Bromley. And while the facts of Humphries v. Queen City Coach Co., 45 S.E.2d 546 (N.C. 1947) are more on point, the Humphries court concluded that the evidence offered by the defendant "tend[ed] to make clear and to corroborate"

5

that submitted by the plaintiff. Id. at 548-49 (both plaintiff and bus driver testified plaintiff tripped on bus).

The Court is aware of no Vermont law shifting the burden of proof in common carrier cases. Early Vermont cases indicate skepticism towards attributing a higher standard of care to a common carrier. See Parker v. Boston & Me. R.R., 79 A. 865, 872 (Vt. 1911) (duty of common carrier towards its passengers need not exceed what is "just and reasonable"; carrier not required to do what human vigilance and foresight could not reasonably do in a similar situation).

The Second Circuit later found that a chairlift operator, as a common carrier, owes the "highest degree of care" to its passengers. Fisher v. Mt. Mansfield Co., 283 F.2d 533, 533 (2d Cir. 1960). Courts since Fisher have acknowledged enforcement of this "highest" standard of care definition is not categorical, but circumstantial; and that the reasonableness of any precautions taken by the carrier are determined by the trier of fact. See Stearns v. Sugarbush Val. Corp., 296 A.2d 220, 222 (Vt. 1972) (quoting Forcier v. Grand Union Stores, Inc., 264 A.2d 796, 800 (Vt. 1970)) (standard of care at a ski resort varies with the activity in question; duty of care owed to patron riding chairlift and person walking on path between buildings is different).

6

Nothing in either Stearns or Fisher suggests the burden should shift to the defendant solely because it is categorized as a common carrier and the plaintiff has made out a prima facie case of negligence, or that the "highest" standard of care goes beyond that which human vigilance and foresight would reasonably anticipate in a similar situation.

B. Jury Verdict

Stephens claims he presented "overwhelming evidence" of Bromley's liability. (Paper 85 at 3.) Under Rule 59(a), the Court may order a new trial if it concludes the jury has reached a "seriously erroneous result" or that the verdict constitutes a "miscarriage of justice," i.e., the verdict must be "against the weight of the evidence." See Manley v. Ambase Corp., 337 F.3d 237, 245 (2d Cir. 2003) (citation omitted). Vermont courts consider the evidence presented at the trial in the light most favorable to the jury verdict. Pirdair v. Med. Ctr. Hosp. of Vt., 800 A.2d 438, 442-43 (Vt. 2002) (citation omitted); Mathieu Enters., Inc. v. Patsy's Cos., No. 2008-157, 2009 WL 2401781 (Vt. June 19, 2009) (Vermont Constitution counsels deference to jury verdicts). "Only after the evidence is so viewed, and the verdict is shown to be clearly wrong and unjust because the jury disregarded the reasonable and substantial evidence, or found against it, because of [] prejudice . . . can the court exercise its discretion to set

aside the verdict." Gregory v. Vt. Traveler, Inc., 435 A.2d 955, 956 (Vt. 1981) (internal quotation and citation omitted).

Given the facts above, the jury could have found the cause of the accident was "not within the peculiar knowledge of the carrier," see Washington, 718 A.2d at 176, or that Bromley's evidence tended to contradict, rather than corroborate, the facts alleged by Stephens, see Humphries, 45 S.E.2d at 548-49. Finally, the jury could have found that Bromley's employee training programs, posted signs, and oral warnings to patrons constituted exercise of the "highest duty of care" reasonably foreseeable under the circumstances. The Court finds that the jury's verdict was not against the weight of the evidence.

IV. Conclusion

In this case, the Court did not err in its instructions. Further, a reasonable jury could have found Bromley was not negligent. Stephens has not met the high burden necessary to overrule the jury's verdict; consequently, Plaintiff's Motion for a New Trial (Paper 85) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of August, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge

8